**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MSP RECOVERY CLAIMS, SERIES LLC,
a Delaware entity,

                        Plaintiff,

         -against-                               20 **CIVIL** 2102 (VEC)

                                            **JUDGMENT**

AIG PROPERTY CASUALTY COMPANY, a
New York for-profit corporation, AIG
PROPERTY CASUALTY, INC., a Delaware
corporation, and LEXINGTON INSURANCE
COMPANY, a Delaware company,

                       Defendants.
-------------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated March 26, 2021, Plaintiff has not alleged that it has Article III standing. Accordingly, Defendants' Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is GRANTED. Defendants' motions to strike class allegations and for costs are DENIED as moot. *See* Dkts. 22, 24. The Court declines to grant Plaintiff leave to amend again its complaint. The Court has already allowed Plaintiff to amend once and is disinclined to do so again. *See* Order, Dkt. 54; *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (noting that leave to amend may be properly denied for "repeated failure to cure deficiencies."). If this were the first of this type of case that Plaintiff had filed, the Court might be inclined to give it another shot at adequately alleging standing. But this is far from Plaintiff's first rodeo. Plaintiff has brought many of these cases around the country and was, therefore, "on notice from the outset that the issue of standing would be front and center." *State Farm Mut. Auto. Ins. Co.*, 2019 WL 6311987, at *9. Because Plaintiff has had plenty of trial runs and has already amended its complaint against these Defendants once, the Court declines to grant leave to amend again as it would be futile. This matter

is hereby dismissed without prejudice. *See John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017) ("[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice.") (cleaned up); accordingly, this case is closed.

**Dated:**  New York, New York
March 29, 2021

RUBY J. KRAJICK
Clerk of Court
BY: *[signature: David J. Thomas]*
Deputy Clerk